UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICIA ELSWICK, an individual; and ESTATE OF JOHN ADOLF WILES; and DOES 1 through 10, inclusive,<br><br>    Defendants. | No.  2:12-cv-02129-TLN-AC<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on cross-motions for summary judgment filed by Defendant Estate of John Wiles and Defendant Patricia Elswick.  (Wiles's Mot. Summ. J., ECF No. 37; Elswick's Mot. Summ. J., ECF No. 47.)[1]  For the reasons set forth below, the Court shall be lenient in construing the filings by a pro se litigant, and therefore the Court DENIES Elswick's motion WITH LEAVE TO REFILE.  The Court DEFERS ruling on Wiles's motion pending resubmission of Elswick's motion.

/ / /

/ / /

---

[1] As discussed *infra*, the Court has construed Elswick's filing (ECF No. 47) as a motion for summary judgment by Elswick and as an opposition to the Wiles's motion for summary judgment.  (Min. Order, ECF No. 48.)

1

## BACKGROUND[2]

This lawsuit concerns the death of Sandra Wiles, her life insurance policies, and identifying the rightful beneficiary of those policies. On July 15, 2007, Sandra Wiles ("the Decedent") was found dead outside her home. (Hemmerich Decl., Ex. A, ECF No. 37-3 at 5.) Decedent's death certificate listed her cause of death as undetermined. (Compl., ECF No. 1 ¶ 20, Ex. B.)

The Decedent was covered by a basic life insurance policy and a supplemental life insurance policy funded by Plaintiff Provident Life and Accident Insurance Company ("Provident"). (ECF No. 1 ¶¶ 9, 12.) The Decedent's Designation of Beneficiary Form identified the Decedent's husband, John Wiles, as the primary beneficiary. (ECF No. 1 ¶ 11.) The Designation of Beneficiary Form also identified the Decedent's parents, Patricia and Charles Elswick,[3] as the contingent beneficiaries. (ECF No. 1 ¶ 11, Ex. A.)

In April 2012, Provident learned that Decedent had passed away and began a search to contact the beneficiaries. Subsequently, Provident learned that the primary beneficiary, John Wiles, had also passed away leaving behind his Estate. (ECF No. 1 ¶ 16.) Provident further learned that the Decedent's mother, contingent beneficiary and Defendant Patricia Elswick ("Elswick"), was also still living. (ECF No. 1 ¶ 16.)

Provident contacted Elswick to obtain information about Wiles's Estate. In response to Provident's inquiry, however, Elswick told them that Decedent died under suspicious circumstances and that she believed Wiles was responsible for Decedent's death. Elswick told Provident that Wiles and Decedent had a troubled marriage; that they had been separated for several months prior to Decedent's death; that Wiles had been arrested and charged with domestic violence against Decedent; that Wiles was subpoenaed to appear before a court for a hearing; and that Decedent died a few days before the hearing. (ECF No. 1 ¶ 17.) Provident also communicated with the Decedent's sister, Connie West ("West"), who concurred with Elswick's

---

[2] The background is comprised from the undisputed allegations in the parties' filings.
[3] Elswick contends that her husband, Charles Elswick, passed away in 2011. (Elswick's Answer, ECF No. 30 at 1:23–24.)

belief that Wiles was responsible for Decedent's death. (ECF No. 1 ¶ 18.) Provident investigated and discovered that Wiles had been arrested for domestic violence with injuries and Decedent was listed as the victim. Additionally, Provident discovered that an Emergency Protective Order had been issued against Wiles, precluding him from contacting or being near Decedent. (ECF No. 1 ¶ 19.)

Provident commenced this interpleader action against Estate of John Wiles ("Estate") and Elswick seeking the Court's determination of the rightful beneficiary of the insurance proceeds. (ECF No. 1 ¶ 28.) Provident alleges that it cannot determine whether the Estate or Elswick is entitled to receive the proceeds. *See* Cal. Prob. Code § 252 (disqualifying beneficiaries of life insurance policies from collecting benefits if they "feloniously and intentionally kill" the insured). The Estate and Elswick both filed cross-claims against each other asking the Court to declare it the rightful beneficiary under the insurance policies.[4] (Estate's Cross-cl., ECF No. 23; Elswick's Cross-Cl. Answer, ECF No. 31.) The Estate is represented by counsel; Elswick is appearing pro per.

The Estate moved for summary judgment. (ECF No. 37.) Elswick then filed a mostly handwritten document entitled "Motion for Summary Judgment Motive Requesting Interpleader." (ECF No. 47.) This Court construed this document as Elswick's motion for summary judgment against the Estate and also as a belated opposition to the Estate's motion. (ECF No. 48.) The Estate filed a reply and opposition to Elswick's filing (ECF No. 49), and Elswick then filed a document entitled "Answer Motion for Summary Judgment" which this Court construes as a reply brief (ECF No. 50).

**STANDARD**

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it

---

[4] The Court construes Elswick's filing (ECF No. 31) as both her answer to the Estate's cross-claim and a cross-claim against the Estate.

3

could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Bald assertions that genuine issues of material fact exist are insufficient." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007) (citing *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 518 (9th Cir. 1993)).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. *Id.* at 322–23; Fed. R. Civ. P. 56(c)(1)("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by[] citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e). Upon a showing from the nonmoving party that it cannot present facts to justify its opposition, the court may defer the motion for summary judgment, allow time for discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d).

## ANALYSIS

The Estate contends that the Court cannot consider Elswick's summary judgment materials because they are inadmissible and specifically that (1) Elswick did not authenticate the documents she provided; (2) Elswick defaced and materially altered the documents by writing on them prior to submitting them to the Court; (3) Elswick's statements relating incidents and conversations she heard secondhand are inadmissible as unsworn statements, hearsay, and lacking

4

personal knowledge; and (4) several of Elswick's statements that ostensibly rebut the Estate's motion for summary judgment are speculative. (ECF No. 49 at 3:23–5:26.) The Court agrees with the majority of the Estate's arguments but grants Elswick leave to refile her documents.

"Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citing *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984)), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). However, a pro se litigant's pleadings are read more liberally than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In evaluating compliance with the technical rules of civil procedure, pro se litigants are treated with great leniency. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986); *see also Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984) ("District courts must take care to insure that pro se litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings.").

Elswick is a pro se litigant, and this Court invokes its discretionary authority under Federal Rule of Civil Procedure 56(e) to provide her with a meaningful opportunity to remedy the obvious defects in her summary judgment materials. *Garaux*, 739 F.2d at 439. Elswick is granted leave to refile her summary judgment materials including an opposition to Wiles's motion for summary judgment. If and when Elswick resubmits her motion for summary judgment, she must do the following:

1.      Any document that Elswick submits that sets forth a factual position must be supported by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

2.      Any affidavit or declaration Elswick submits must be based on "personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). For example, to the extent that Elswick is relying on incidents or conversations related to her by Connie West, Elswick must submit a sworn affidavit or declaration from West, and further demonstrate why the

statements are reliable and should not be excluded as hearsay.  *See* Fed. R. Evid. 801, 802, 803, 805, 807.

3. Any affidavit or declaration Elswick submits must be dated and signed "under penalty of perjury."  28 U.S.C. § 1746.

4. Any document that Elswick submits must not be defaced or altered but rather must be a true and correct copy of the document and must either be supported by an affidavit or declaration stating that it is what it purports to be.  *See* Fed. R. Evid. 901.

5. If Elswick moves for summary judgment, she must file a statement of undisputed facts that shall enumerate discretely each of the specific material facts relied upon in support of the motion.  L.R. 260(a).

6. To oppose the Estate's motion for summary judgment, Elswick must reproduce the Estate's Statement of Undisputed Facts and admit or deny those itemized facts, citing to the portions of her opposition that support her denials.  L.R. 260(b).

**CONCLUSION**

Elswick's motion for summary judgment (ECF No. 47) is hereby DENIED with leave to refile.  Elswick is permitted to refile her motion for summary judgment and her opposition to the Estate's motion within twenty-one (21) days of entry of this Order.[5]  The Estate's response is due within fourteen (14) days after Elswick's filing.  No further filings will be permitted.  The Court DEFERS ruling on the Estate's motion for summary judgment (ECF No. 37) pursuant to Federal Rule of Civil Procedure 56(e) pending resubmission of Elswick's summary judgment materials.

**IT IS SO ORDERED.**

Dated: February 13, 2014

Troy L. Nunley
United States District Judge

---

[5] Because the Court has already found that Elswick's materials suffer from the above obvious defects, the Court defers ruling on the Estate's remaining evidentiary objections at this time.